TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00126-CR






Steven Scott Rose, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 594018, HONORABLE JAN BRELAND, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Appellant appeals his conviction for the misdemeanor offense of operating a motor
vehicle while intoxicated. Appellant waived trial by jury and entered a plea of nolo contendere
before the trial court. The trial court assessed punishment at confinement in the county jail for 180
days and a fine of $2,000. The trial court suspended the imposition of the sentence and placed
appellant on community supervision for eighteen months subject to certain conditions.


Point of Error

 In a single point of error, appellant contends that the "trial court erred in overruling
appellant's motion to suppress for the reason that the arresting officer was not justified in stopping
appellant's car."


Preservation of Error

 At the outset, we are confronted with the State's argument that appellant failed to
preserve error because there was no ruling on the pretrial suppression motion. The State urges that
at the conclusion of the suppression hearing there was no oral or written ruling on the motion to
suppress evidence. In the record is a certification by the trial court that the instant case was "a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not
withdrawn or waived and the defendant has the right of appeal." See Tex. R. App. P. 25.2(d). The
State takes the position that the certification by the trial court fails to specify that the trial court
overruled the pretrial motion to suppress evidence and without an adverse ruling under Rule 33.1 (1)
on the suppression motion, any error was waived. Powell v. State, 897 S.W.2d 307, 310 (Tex. Crim.
App. 1994).

 At the conclusion of the pretrial hearing on the motion to suppress, the record reflects:


THE COURT: Mr. Howeth, where do you want to go from here?


MR. HOWETH

[defense counsel]: I guess I want to see the videos. We tried to get the video and
somehow it didn't show up. Now we know it was there. I will
probably do a little bit better if I can get that up, so whatever
the Court says. I suppose this can go to a jury trial if it gets to
it. I think if I can see the video and the State can see the video,
we can agree or disagree or something and then we can narrow
it down a little bit so we don't have as much court time. 


MR. LASTOVICA

[prosecutor]: I'm confident that we'll disagree, Your Honor.


MR. HOWETH: I could be more specific about what we disagree on once I've
seen the video, Your Honor.


THE COURT: Okay. Why don't we put it on the jury docket and then stay
in touch with Mr. Lastovica. If he gives you a hard time
about letting you watch that video, you let me know. I'll
discipline him appropriately.


MR. HOWETH: I think that's good. I'm going to go along with the game plan
altogether.


MR. LASTOVICA: I heard every word, Your Honor. Especially what you said,
Your Honor.


THE COURT: Very good. 



 No oral or written order followed the hearing, but it appears the case was placed on
the jury docket. There was no court reporter's record made of appellant's subsequent plea of nolo
contendere before the trial court, which might have reflected the earlier ruling on the suppression
motion. At the time of the notice of appeal, the trial court certified that a ruling had been made on
a pretrial motion, a certification not likely to have been made if the ruling had been to grant the
motion. Under the totality of the circumstances, we conclude that the record supports an implicit
adverse ruling on the suppression motion. See Tex. R. App. P. 33.1(a)(2)(A). We reject the State's
waiver argument. 


Facts

 The only evidence before us is the one-witness suppression hearing. Cf. Rachal v.
State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). City of Lakeway Police Officer Gabriel
Zambrano testified that on August 13, 2001, he was informed by the police dispatcher that a
telephone call had been received from "a driver on the roadway" that there was a black Ford pickup
truck with a headache rack being driven recklessly "possibly a drunken driver, swerving from side
to side." The caller was an unidentified tipster. Officer Zambrano was nearby on Highway 620, and
the vehicle in question was traveling in his direction. Zambrano spotted the black Ford pickup truck
fitting the description given. At first, there were two cars between the officer's marked patrol
vehicle and the pickup truck. Zambrano saw the pickup truck being driven in an erratic manner
swerving from side to side. The pickup was in the right lane of two lanes of traffic flowing in the
same direction. The oncoming traffic was in two lanes going in the opposite direction on the four-lane highway.

 When Zambrano got his vehicle directly behind the pickup truck, he received another
message from the dispatcher that the caller, who had remained in communication, had stated that the
officer was now behind the truck reported. At this point, Zambrano turned on his mobile video. 
Thereafter, the driver of the pickup veered left out of his traffic lane six times and veered right over
the "fog line" onto the shoulder five times. On one occasion, the truck left its traffic lane completely
and went over onto the improved shoulder. Officer Zambrano turned on his vehicle's overhead
lights and his siren. Officer Ed Lindell, also in a marked patrol vehicle, came upon the left side of
the pickup truck with overhead lights flashing. The pickup truck traveled a mile or so before the
officers were able to stop the truck. Zambrano identified appellant as the driver of the truck. 
Appellant's counsel stated for the record that at the time appellant was not contesting the probable
cause for the arrest "for DWI."

 Zambrano testified that the stop was made at 5:51 p.m. during the rush-hour traffic
on Highway 620, which was a congested or heavily traveled traffic artery. He was certain there were
other vehicles adjacent to the pickup truck at the time in question. Zambrano stated that appellant's
manner of driving posed a danger to himself and others. Appellant's counsel elicited the fact that
there had been no accident or collision that the officer observed. 


Discussion

 Appellant argues in his single point of error that the trial court erred in overruling his
motion to suppress evidence (2) because the arresting officer was not justified in stopping appellant's
vehicle as there was no reasonable suspicion for appellant's detention. Specifically, appellant
contends that the driving behavior involved did not affect the safety of other motorists and as such,
did not violate any traffic law. 

 While a police officer must have probable cause for a full custodial arrest, a mere stop
of an individual for the purposes of investigation does not require such substantial justification. 
Terry v. Ohio, 392 U.S. 1, 22-26 (1968); Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App.
1989); State v. Fudge, 42 S.W.3d 226, 229 (Tex. App.--Austin 2001, no pet.). Law enforcement
officers may stop and briefly detain persons suspected of criminal activity if the circumstances upon
which the officers rely objectively support a reasonable suspicion that the person detained actually
is, has been, or soon will be engaged in criminal activity. Davis v. State, 947 S.W.2d 240, 244 (Tex.
Crim. App. 1997); McQuarters v. State, 58 S.W.3d 250, 255 (Tex. App.--Fort Worth 2001, pet.
ref'd).


 "Reasonable suspicion" exists if the officer has specific articulable facts that,
when combined with rational inferences from those facts, would lead him to
reasonably suspect that a particular person has engaged or is (or soon will be)
engaging in criminal activity. This standard is an objective one: there need only be
an objective basis for the stop; the subjective intent of the officer conducting the stop
is irrelevant. The reasonable suspicion determination is made by considering the
totality of the circumstances.



Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (footnotes omitted). 

 The reasonableness of a temporary stop turns on the "totality of the circumstances"
in each case. Illinois v. Gates, 662 U.S. 213, 230-31 (1983); Fudge, 42 S.W.3d at 229; Davis v.
State, 794 S.W.2d 123, 125 (Tex. App.--Austin 1990, pet. ref'd). Reasonable suspicion, like the
greater requirement of probable cause, is dependent upon both the content of the information
possessed by the police and its degree of reliability. Alabama v. White, 496 U.S. 325, 330 (1990). 
"Both factors--quantity and quality--are considered in the totality of the circumstances--the whole
picture . . . must be taken into account when evaluating whether there is reasonable suspicion." Id.;
see also Carmouche v. State, 10 S.W.3d 323, 328-29 (Tex. Crim. App. 2000).

 A tip by an unnamed informant of undisclosed reliability standing alone rarely will
establish the requisite level of reasonable suspicion necessary to justify an investigative detention
or stop. Floreda v. J. L., 529 U.S. 266, 269 (2000). In the instant case, unlike Fudge, Officer
Zambrano did not rely alone upon a tip by an unnamed informant. Acting upon the tip, Zambrano 
independently observed acts upon which to lawfully base the stop, all of which constituted factors
in assaying the totality of the circumstances. Not only was the tipster's information corroborated to
the extent the temporary detention was justified on that basis alone, but Officer Zambrano personally
observed conduct that caused him to reasonably suspect that a crime had been, was being, or was
about to be committed. See Sailo v. State, 910 S.W.2d 184, 188-89 (Tex. App.--Fort Worth 1995,
pet. ref'd). 

 Appellant argues that the stop was not justified because the evidence failed to show
that he violated a traffic law. Appellant claims that Zambrano's testimony showed the sole basis for
the stop was appellant's failure to maintain a single marked lane. Tex. Transp. Code Ann.
§ 545.060(a) (West 1999), and that none of his actions on the road with his pickup truck were unsafe
as required by the statute. (3)

 The State contends that not only section 545.060(a) was involved, but section
545.058(a) of the Transportation Code (driving on improved shoulder) (4)
 must be considered in the
totality of the circumstances.

 There is no requirement that a particular statute be violated in order to give rise to
reasonable suspicion. Gajewski v. State, 944 S.W.2d 450, 452 (Tex. App.--Houston [14th Dist.]
1997, no pet.). If an officer has a reasonable basis for suspecting that a person has committed a
traffic offense, the officer may legally initiate a traffic stop. McVickers v. State, 874 S.W.2d 662,
664 (Tex. Crim. App. 1993); Texas Dept. of Public Safety v. Chang, 994 S.W.2d 876, 877 (Tex.
App.--Austin 1999, no pet.). The State is not required to show a traffic offense was actually
committed but only that the officer reasonably believed a violation was in progress. Texas Dept. of
Public Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.--Dallas 2001, no pet.); Valencia v. State,
820 S.W.2d 397, 400 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd); see also McQuarters, 58
S.W.3d at 255.

 The State only needed to elicit testimony that Officer Zambrano knew sufficient facts
to reasonably suspect that appellant had violated a traffic law. McQuarters, 58 S.W.3d at 255 (citing
Garcia, 43 S.W.3d at 530). Assuming Officer Zambrano's testimony may not have established a
reasonable suspicion that appellant violated a traffic law, it did raise sufficient facts to justify a stop
based on reasonable suspicion that appellant was intoxicated while driving. McQuarters, 58 S.W.3d
at 255; Gajewski, 944 S.W.2d at 453. The officer was justified in stopping appellant. The trial court
did not abuse its discretion in overruling the pretrial suppression motion. The point of error is
overruled. 

 The judgment is affirmed.



 __________________________________________

 John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Kidd and Onion*

Affirmed

Filed: August 14, 2003

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   See Tex. R. App. P. 33.1(a)(1)(A)(B)(2)(A)(B).
2.   The appropriate standard of review for a suppression ruling is a bifurcated review, giving
almost total deference to the trial court's findings of fact, but conducting a de novo review of the
court's application of the law to those facts. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955
S.W.2d 85, 88-89 (Tex. Crim. App. 1997).
3.   Section 545.060(a) provides:



 An operator on a roadway divided into two or more clearly marked lanes for
traffic:

 
 shall drive as nearly as practical entirely within a single lane; and

 may not move from the lane unless that movement can be made safely. 

 


Tex. Transp. Code Ann. § 545.060(a) (West 1999).
4.   (a) An operator may drive on an improved shoulder to the right of the main traveled
portion of a roadway if that operation is necessary and may be done safely, but only:



 to stop, stand, or park;


 

 (2) to accelerate before entering the main traveled lane of traffic;



 
 to decelerate before making a right turn;

 to pass another vehicle that is slowing or stopped on the main traveled
portion of the highway, disabled, or preparing to make a left turn;

 to allow another vehicle traveling faster to pass;

 as permitted or required by an official traffic-control device; or

 to avoid a collision.
 



Id. § 545.058(a) (West 1999).