**Patrick Andrew GAJEWSKI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–94–00841–CR, 14–94–00842–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1997.

Joseph Salhab, Houston, for appellant.

Fred Stuart Wilson, Houston, for appellee.

Before ROSS A. SEARS, CANNON and DRAUGHN, JJ.*

\* The panel consists of justices sitting by assignment.

1. Appellant originally pled guilty in cause no. 93–05874 to the offense of driving while intoxicated. Appellant was sentenced to one year confine-

## OPINION

ROSS A. SEARS, Justice (Retired).

Patrick Andrew Gajewski appeals a conviction for the offense of driving while intoxicated on the ground that the court erred in denying appellant's motion to suppress evidence and in finding reasonable suspicion for appellant's detention. We affirm.

### Background

During the early morning hours of March 16, 1994, Houston Police Officer John Nowicki stopped appellant after he observed appellant's vehicle weaving between lanes of traffic. Because appellant's speech was slurred, his eyes were bloodshot, and his breath smelled of alcohol, Nowicki administered several sobriety tests. Appellant performed poorly on each of the tests and was arrested for driving while intoxicated. Appellant was subsequently charged with the offense of driving while intoxicated in cause no. 94–10600 and entered a plea of not guilty. Additionally, appellant was arraigned on the State's Motion to Revoke Probation in Cause No. 93–05874[1] and entered in plea of not true.

At appellant's motion to suppress hearing, appellant argued that (1) no circumstances existed that would warrant a reasonable suspicion of criminal conduct or activity to justify an investigatory detention; (2) no offense was committed in the presence or view of Nowicki; and (3) appellant was not engaged in any criminal activity. Appellant argued that the admission of results of any sobriety tests, statements or admissions made by appellant, and any videotape of appellant was improper because Nowicki lacked reasonable suspicion to stop him. The trial court denied appellant's motion to suppress.

Appellant then waived his right to trial by jury and proceeded to trial before the court. The motion to revoke probation in cause no. 93–05874 was carried with the trial in cause no. 94–10600. The State also offered a video-

ment, probated for two years, and assessed a $350.00 fine. Among appellant's conditions for probation was the requirement that he commit no offense against the laws of this state.

tape of appellant performing additional sobriety tests at the station. The trial court found appellant guilty of driving while intoxicated in cause no. 94–10600, and granted the State's Motion to Revoke Probation in cause no. 93–05784. Appellant stipulated to his identity as the probationer in cause no. 93–05874. In addition, Delia Gonzales, one of appellant's probation officers, testified that at the time she filed the motion to revoke, appellant was allegedly delinquent on his fees and fines from his previous conviction, in addition to the fact that he was arrested for driving while intoxicated. Appellant was sentenced in cause no. 94–10600 to one year confinement, and a fine of $1,000. The court further granted the motion to revoke and sentenced appellant in cause no. 93–05874 to one year confinement. The sentences were to run concurrently.

█ In his sole point of error, appellant argues that the court erred in denying his motion to suppress evidence and in finding reasonable suspicion for his detention. Specifically, appellant contends there is no evidence that his driving behavior affected the safety of any other motorists, and as such, his weaving did not violate any traffic law.

█ At a hearing on a motion to suppress, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given to their testimony. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). The trial judge may choose to believe or disbelieve any or all of a witness' testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim. App.1996). Accordingly, we may not disturb any finding which is supported by the record absent a clear abuse of discretion. *Id.; Meek v. State*, 790 S.W.2d 618, 620 (Tex. Crim.App.1990).

█ While a police officer must have probable cause for a full custodial arrest, a mere stop of an individual for the purposes of investigation does not require such substan-

tial justification. *Terry v. Ohio*, 392 U.S. 1, 20–22, 88 S.Ct. 1868, 1879–81, 20 L.Ed.2d 889 (1968). Because a temporary detention is considered a lesser intrusion than a custodial arrest, a police officer may stop an individual if the officer has specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App. 1983).[2] The officer must have a reasonable suspicion that some unusual activity is or has occurred, that the detained person is connected with the activity, and that the unusual activity is related to the commission of a crime. *Hoag v. State*, 728 S.W.2d 375, 378–80 (Tex.Crim.App.1987). The reasonable suspicion required does not rise to the level of probable cause such as is required to justify a warrantless arrest or search. *Stone*, 703 S.W.2d at 654. However, if the activity relied upon by the officer is as consistent with innocent behavior as it is with criminal activity, the detention is unlawful. *Comer v. State*, 754 S.W.2d 656, 658 (Tex. Crim.App.1986).

█ The reasonable suspicion determination is based on the totality of the circumstances. *U.S. v. Sokolow*, 490 U.S. 1, 9, 109 S.Ct. 1581, 1586, 104 L.Ed.2d 1 (1989); *Holladay v. State*, 805 S.W.2d 464, 473 (Tex. Crim.App.1991). Thus, there is no requirement that a particular statute is violated in order to give rise to reasonable suspicion. Although not an inherently illegal act, when the officer observed appellant's car weaving between traffic lanes, reasonable suspicion existed to believe appellant was driving the motor vehicle while intoxicated, or that some activity out of the ordinary is or has occurred, so as to justify the temporary stop of defendant's car. *See Townsend v. State*, 813 S.W.2d 181, 185 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).[3]

2. *See also United States v. Brignoni–Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Stone v. State*, 703 S.W.2d 652, 654–655 (Tex. Crim.App.1986); *Greer v. State*, 544 S.W.2d 125, 127–28 (Tex.Crim.App.1976); *Thompson v. State*, 533 S.W.2d 825, 826 (Tex.Crim.App.1976).

3. *See also Davis v. State*, 923 S.W.2d 781, 788 (Tex.App.–Beaumont 1996, no pet. h); *Ortiz v. State*, 930 S.W.2d 849, 856 (Tex.App.–Tyler 1996, no pet. h); *Fox v. State*, 900 S.W.2d 345, 347 (Tex.App.—Fort Worth 1995, pet. improv. granted) (reasonable suspicion existed where officer

While appellant's initial left-hand turn from Westheimer to Kirby may not have endangered other vehicles, Nowicki testified that appellant's car crossed the double line of traffic "two or three times," with about one third of appellant's vehicle crossing the line. Nowicki further testified that appellant's vehicle also crossed the broken line of traffic once. Nowicki stated that while there were no other cars around appellant's at the time, the sole basis for the stop was appellant's weaving between the lanes of traffic. Thus, in light of his experience as police officer, Nowicki's observations of appellant's weaving across both the solid and broken lines dividing traffic was sufficient to provide reasonable suspicion to initially stop appellant.

Nevertheless, appellant argues that because there is no evidence that his driving behavior affected the safety of any other motorists, his weaving did not violate any traffic law.

■■■ An officer may lawfully stop and detain a person for a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim.App.1993). Section 545.060 of the Texas Transportation Code states, "[a] driver operating a motor vehicle on a roadway shall drive as nearly as practical within a single lane and may not move from the lane unless that movement can be made safely." [4] In this case, appellant argues that because there were no other vehicles in his immediate vicinity when he changed lanes, he did not violate section 545.060. We decline to interpret section 545.060 so as to permit a driver to weave throughout all lanes of traffic so long as no other vehicles are in the immediate vicinity.

The street upon which appellant was traveling is a public two lane roadway. The fact that no other cars were around appellant at the time he was weaving may be a defense to a traffic citation. However, it does not ne-

gate a stop based on reasonable suspicion that the driver of the motor vehicle has lost control of his mental and physical faculties by the ingesting of alcohol and/or drugs. Traffic laws are designed to protect not only the safety of other persons in other vehicles, but also the safety of the driver in question. By weaving across the center line three different times, in addition to weaving across and into another lane, appellant aroused the suspicion of the arresting officer. By his own behavior, appellant was telling the officer that he was unable to safely operate a motor vehicle, and that if he continued to operate the vehicle appellant was a danger to himself or others.

After a careful review of the record, including Officer Nowicki's testimony, we conclude that the trial court did not abuse its discretion in denying appellant's motion to suppress. Since the motion to revoke was carried with and based on the finding of guilt in the trial for the second DWI, the trial court did not err in granting the State's motion to revoke. Accordingly, appellant's sole point of error in each cause number is overruled, and the judgment of the trial court is affirmed.

---

observed defendant weaving back and forth within his lane); *Raffaelli v. State*, 881 S.W.2d 714, 716 (Tex.App.—Texarkana 1994, pet. ref'd); *Barraza v. State*, 733 S.W.2d 379, 380 (Tex.App.—Corpus Christi 1987) (reasonable suspicion existed when officer observed defendant weaving within his own lane and making two improper turns), *aff'd*, 790 S.W.2d 654 (Tex.Crim.App. 1990); *Miffleton v. State*, 728 S.W.2d 880, 883 (Tex.App.—Austin 1987) (reasonable suspicion

existed based on defendant's rapid acceleration, weaving and excessive speed), *aff'd*, 777 S.W.2d 76 (Tex.Crim.App.1989).

4. Act of 1947, 50th Leg., R.S., ch. 421, Tex. Gen. Laws 967 (amended 1971) (current version at TEX. TRANSPORTATION CODE ANN. § 545.060 (Vernon Supp.1997)).