Affirmed and Opinion filed March 16, 2004















Affirmed and Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00293-CR

____________

 

GARY L. COLEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at Law No. 10

Harris County,
Texas

Trial Court Cause No. 1099280

 



 

O P I N I O N

Appellant, Gary L. Coleman, was convicted
by a jury of driving while intoxicated. 
The trial court imposed a punishment of 30 days= confinement in
the Harris County Jail and assessed a fine of $600.00.  Appellant raises a single issue on appeal in
which he contends the trial court erred in denying his motion to suppress.  We affirm. 








On February 1, 2002, Officer Chris Green
of the Houston Police Department=s DWI task force was
in a parking lot east of the intersection of Dairy Ashford and Westheimer where
he had just finished issuing a traffic citation, when an unidentified citizen
pulled up and informed him that there was a Apossible DWI
driver going westbound on Westheimer.@  Because Green did not want to lose the
vehicle, he thanked the man without getting his name and exited the parking
lot, pulling up behind appellant=s Crown Victoria, which was
stopped at a red light.  Green notified
Officer William Lindsey, who was also assigned to the DWI task force, of the
possible DWI.  

When the light changed, Green followed
appellant.  Green observed appellant=s vehicle Astart weaving from
lane to lane.@ 
Green testified that appellant=s vehicle, which
was in the third lane, crossed over to the second lane and returned to the
third lane.  Green followed appellant for
Ahalf a block.@  

As Lindsey pulled onto Westheimer, Charles
Toole, a wrecker driver who knows Lindsey, pulled along side Lindsey and
pointed out appellant=s vehicle and a Cadillac that appellant
was following.  Appellant=s vehicle caught
Toole=s attention
because it was driving erratically, i.e., A[w]eaving in the
lanes, accelerating very quickly coming off the traffic lights.@  Toole testified that appellant=s vehicle nearly
hit a couple of other vehicles and was Arunning  up on the bumper of the Cadillac.@  Toole had followed and observed appellant=s vehicle and the
Cadillac for about a mile.  

Lindsey testified with regard to his observations of
appellant=s vehicle:

Q.      And what observations did you make of
[appellant=s] vehicle?

A.      Extreme difficulties maintaining a single
lane.  Crossing from one lane to another
and back over again, several times.

Q.      And when you say crossing from one lane to
another, do you actually mean crossing the lane divider?

A.      Yes,
ma=am.  








Green initiated a traffic stop on
appellant=s vehicle, while Lindsey initiated a
traffic stop on the Cadillac.  When Green
asked appellant for his driver=s license and
insurance, he noticed the strong odor of an alcoholic beverage.  Green asked appellant if he had been
drinking.  Appellant responded that he
had not.  After conducting a field
sobriety test, Green determined that appellant was intoxicated, took him into
custody, and transported him to ACentral
 Intox.@ 
Officer Richard Martinez performed another field sobriety test on
appellant, and further observing bloodshot eyes, odor of alcohol, and slurred
speech, concluded he was intoxicated. 
Appellant refused to submit to a breathalyzer test.

A trial court=s ruling on a
motion to suppress is reviewed under an abuse of discretion standard.  Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999).  In a hearing on
a motion to suppress, the trial court is the sole trier of fact and judge of
the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex.
Crim. App. 2000).  Because the trial
court observes the demeanor and appearance of the witnesses, it may believe or
disbelieve all or any part of a witness=s testimony, even
if that testimony is controverted.  Id.  When, as in this case, the trial court does
not file findings of fact, we view the evidence in the light most favorable to
the trial court=s ruling and assume the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.  Carmouche v.
State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  








An investigative detention occurs when the
police stop and briefly detain an individual to ascertain his identity, the
reason for being in the area, or other such similar inquiry.  Amores v. State, 816 S.W.2d 407, 412
(Tex. Crim. App. 1991).  Before a
detention is justified, the officer must possess reasonable suspicion to detain
the suspect, i.e., the officer must have specific, articulable facts,
which, in light of his experience and general knowledge, together with rational
inferences from those facts, would reasonably warrant the intrusion on the
freedom of the citizen stopped for investigation.  Gurrola v. State, 877 S.W.2d 300, 302
(Tex. Crim. App. 1994).  The articulable
facts Amust create some
reasonable suspicion that some activity out of the ordinary is occurring or has
occurred, some suggestion to connect the detainee with the unusual activity,
and some indication the unusual activity is related to crime.@  Garza v. State, 771 S.W.2d 549, 558
(Tex. Crim. App. 1989).  There need only
be an objective basis for the stop; the subjective intent of the officer is
irrelevant.  Garcia v. State, 43
S.W.3d 527, 530 (Tex.
Crim. App. 2001).

The determination of reasonable suspicion
is made by considering the totality of the circumstances.  Id.  In conducting the totality of the
circumstances determination, the reviewing court uses a bifurcated standard of
review: (1) giving almost total deference to a trial court=s determination of
historical facts and application of law to fact questions that turn on
credibility and demeanor, and (2) reviewing de novo the application of law to
fact questions that do not turn on credibility and demeanor.  Id.  In other words, we give almost total
deference to the trial court in determining what the actual facts are and
review de novo whether those facts are sufficient to give rise to reasonable
suspicion.  Id.

An officer may lawfully stop an individual for a traffic
violation.  Walter v. State, 28
S.W.3d 538, 542 (Tex.
Crim. App. 2000); McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim.
App. 1993).  Green based the traffic stop
on his belief that appellant=s driving was in
violation of Section 545.060 of the Texas Transportation Code, which provides:

(a) An operator on a roadway
divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical
entirely within a single lane; and

(2) may not move from the lane unless that
movement can be made safely.

Tex. Transp.
Code Ann. ' 545.060(a) (Vernon 1999). 









Appellant complains that Green relied on only
the statement of an anonymous individual and his personal observations, which
consisted of appellant weaving, on one occasion only, from his own lane to the
adjacent lane and back to his original lane. 
The record contradicts appellant=s position.  For instance, Green testified that he
observed appellant=s vehicle Astart weaving from
lane to lane,@ indicating that he left his lane on more
than one occasion.  Additionally, Lindsey
testified that he saw appellant=s vehicle weave
from one lane to another Aseveral times.@[1]  When there has been cooperation between
members of the same law enforcement agency, Athe sum of the
information known to the cooperating . . . officers at the time of an arrest@ is considered in
a probable cause determination.  Woodward
v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982).  In any event, swerving into another lane on
just one occasion is sufficient to stop a person for violation of section
545.060.  See Martinez v. State,
29 S.W.3d 609, 611 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d) (holding that drifting partially onto
shoulder of freeway for one or two seconds and pulling back was sufficient for
officer to reasonably believe that violation of section 545.060 had
occurred).  








Relying on opinions from other courts of
appeals, appellant contends the statute is violated only when the vehicle=s movement is
unsafe.  See
State v. Cerny, 28 S.W.3d 796, 800B01 (Tex. App.CCorpus Christi
2000, no pet.) (holding that although evidence established that defendant Awas weaving
somewhat within his own lane of traffic,@ there was no
evidence the defendant=s actions were unsafe); Ehrhart v.
State, 9 S.W.3d 929, 930B31 (Tex. App.CBeaumont 2000, no pet.)
(holding that because there was no evidence that touching solid white line was
unsafe or dangerous, no traffic violation occurred and, thus, there was no
basis for stop); Hernandez v. State, 983 S.W.2d 867, 870B72 (Tex. App.CAustin 1998, pet.
ref=d) (holding single
instance of crossing lane dividing line by 18 to 24 inches into lane of traffic
traveling in same direction was not violation of section 545.060 where it was
not shown to be unsafe or dangerous). 
Specifically, appellant complains that there is no evidence regarding
the length of time he deviated from his lane, the conditions on Westheimer that
evening, or whether any other vehicles were in close proximity to his
vehicle.  However, we have previously Adecline[d] to
interpret section 545.060 so as to permit a driver to weave throughout all
lanes of traffic so long as no other vehicles are in the vicinity.@  Gajewski v. State, 944 S.W.2d 450, 453
(Tex. App.CHouston [14th Dist. 1997, no pet.).  In any event, unlike Hernandez, Ehrhart,
and Cerny, appellant was observed by Green and Lindsey as doing more
than just drifting into an adjacent lane once, touching a lane marker, or
weaving within his own lane of trafficCthey observed
appellant swerving into other lanes of traffic several times.   Even if we agreed with appellant=s contention that
he did not violate section 545.060, his conduct and the surrounding
circumstances certainly raised a reasonable suspicion that he was driving while
intoxicated.

Considering the totality of the
circumstances, the evidence is amply sufficient to justify the stop at issue
here.  Appellant=s sole issue is
overruled, and the judgment of the trial court is affirmed.  

 

 

                                                           
/s/    J. Harvey
 Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed March 16, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Emphasis
added.