Karen Fry Cox v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-296-CR

KAREN FRY COX APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Karen Fry Cox pleaded guilty to the offense of driving while intoxicated (DWI), and the trial court imposed a sentence of a $1000 fine and 180 days’ confinement probated for 24 months.  In a single issue on appeal Cox complains that the trial court erred by denying her motion to suppress.  Specifically, she complains that Southlake Police Officer Lance Montee lacked reasonable suspicion to stop her. 

The record from the suppression hearing establishes that on June 16, 2004 at approximately 9:35 p.m., as Officer Montee drove westbound on Southlake Boulevard, he observed a black Jaguar  driving slightly erratically.  He saw the Jaguar’s front and rear passenger-side wheels cross the white line and enter the shoulder of the road.  As the Jaguar turned left, Officer Montee saw the car’s front and rear driver’s-side wheels cross over the solid white line dividing the turn lane from the westbound lane. [id] Officer Montee activated his dash-mounted video camera at this point because based on his training and experience and the time of day, he suspected that the driver of the Jaguar might be intoxicated. 

The videotape recorded from Officer Montee’s squad car was introduced into evidence and shows that, as Officer Montee continued to follow the Jaguar, he observed the vehicle’s wheels ride on and cross the yellow center line.  Finally, the Jaguar turned left and, according to Officer Montee, turned in front of an oncoming car, failing to yield the right of way.  Officer Montee testified that at that point, he initiated a stop of the Jaguar based on his suspicion that the Jaguar’s driver, Cox, was driving while intoxicated. 

Ralph Alberto, Cox’s neighbor, testified at the suppression hearing that he was a passenger in the car that Cox allegedly failed to yield the right of way to.  Alberto said that Cox’s Jaguar passed safely in front of the vehicle he occupied, and that, in fact, Officer Montee had time to turn left behind Cox’s Jaguar and in front the vehicle he occupied. 

The trial court denied Cox’s motion to suppress and made no findings of fact.  Accordingly, we review the evidence in the light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those facts are supported by the record.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Applying this standard, Cox’s erratic driving provided Officer Montee with reasonable suspicion that Cox might be committing the offense of driving while intoxicated, justifying an investigative stop.  
See Gajewski v. State
, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th
 Dist.] 1997, no pet.).  We overrule Cox’s sole issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: WALKER and MCCOY, JJ.; and BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 1, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.