COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-296-CR

 

 

KAREN FRY COX                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Karen Fry Cox pleaded guilty to the
offense of driving while intoxicated (DWI), and the trial court imposed a
sentence of a $1000 fine and 180 days=
confinement probated for 24 months.  In a
single issue on appeal Cox complains that the trial court erred by denying her
motion to suppress.  Specifically, she
complains that Southlake Police Officer Lance Montee lacked reasonable
suspicion to stop her. 

The record from the suppression hearing
establishes that on June 16, 2004 at approximately 9:35 p.m., as Officer Montee
drove westbound on Southlake Boulevard, he observed a black Jaguar  driving slightly erratically.  He saw the Jaguar=s front
and rear passenger-side wheels cross the white line and enter the shoulder of
the road.  As the Jaguar turned left,
Officer Montee saw the car=s front
and rear driver=s-side wheels cross over the
solid white line dividing the turn lane from the westbound lane. [id] Officer
Montee activated his dash-mounted video camera at this point because based on
his training and experience and the time of day, he suspected that the driver
of the Jaguar might be intoxicated. 

The videotape recorded from Officer Montee=s squad
car was introduced into evidence and shows that, as Officer Montee continued to
follow the Jaguar, he observed the vehicle=s wheels
ride on and cross the yellow center line. 
Finally, the Jaguar turned left and, according to Officer Montee, turned
in front of an oncoming car, failing to yield the right of way.  Officer Montee testified that at that point,
he initiated a stop of the Jaguar based on his suspicion that the Jaguar=s
driver, Cox, was driving while intoxicated. 

 








Ralph Alberto, Cox=s neighbor,
testified at the suppression hearing that he was a passenger in the car that
Cox allegedly failed to yield the right of way to.  Alberto said that Cox=s Jaguar
passed safely in front of the vehicle he occupied, and that, in fact, Officer
Montee had time to turn left behind Cox=s Jaguar
and in front the vehicle he occupied. 

The trial court denied Cox=s motion
to suppress and made no findings of fact. 
Accordingly, we review the evidence in the light most favorable to the
trial court=s ruling and assume that the
trial court made implicit findings of fact that support its ruling as long as
those facts are supported by the record. 
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Applying this standard, Cox=s
erratic driving provided Officer Montee with reasonable suspicion that Cox
might be committing the offense of driving while intoxicated, justifying an
investigative stop.  See Gajewski v.
State, 944 S.W.2d 450, 452 (Tex. App.CHouston
[14th Dist.] 1997, no pet.).  We overrule
Cox=s sole
issue and affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL B:   WALKER and MCCOY, JJ.; and BRIGHAM (Senior
Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: June 1, 2006











[1]See Tex. R. App. P. 47.4.