**Opinion issued June 14, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-17-00217-CR**

———————————

**JOHN PASCHALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1492372**

**MEMORANDUM OPINION**

Appellant John Paschall appeals the trial court's denial of his motion to suppress. We find no error and affirm.

## Background

Paschall was charged with driving while intoxicated (third offense). Before trial, Paschall moved to suppress evidence obtained after the traffic stop, arguing that the traffic stop was "made without reasonable suspicion" or "probable cause."

The State submitted an affidavit of the arresting officer, Officer. J. Chapa, and a video from Officer Chapa's dashboard camera. In his affidavit, Officer Chapa averred that, while on routine patrol, he saw a black Dodge truck swerving within its lane. He observed the left tires of the truck touch the solid yellow line on the left side of the lane. The truck then swerved to the right causing the right tires to cross the dividing white lines. This caught Officer Chapa's attention, and he watched as the truck again veered to the right, causing another vehicle in the right lane "to slow down because of the truck's actions." The truck's tires again touched the dividing white line.

Officer Chapa then "observed the truck slow down significantly." He moved his patrol car to the left to see around the truck but "did not observe any vehicles in front of the truck." "[T]here was a red light at the intersection ahead," but "[t]he light was approximately 100 yards away." According to Officer Chapa, the truck

2

appeared to him "to have come to a complete stop."[1] Officer Chapa then initiated a traffic stop.

Dashboard camera footage confirms these events. It depicts a truck veering from side to side, on and off the center white dividing lines. It shows the vehicle brake while other cars pass, with a traffic light in the distance. It then shows Officer Chapa initiating the traffic stop.

Paschall submitted an affidavit in which he averred that on the date of the incident, "the cars in front of [him] began to slow down, at which point [he] too began to slow down." Paschall stated that "[a]lthough [he] came to a 'slow roll' [he] did not come to a complete stop."

The trial court denied Paschall's motion to suppress, finding "sufficient facts to justify investigation of driver." Paschall then pleaded guilty to driving while intoxicated, third offense, without a recommendation as to punishment. He was sentenced to five years' imprisonment, probated for three years.

## Discussion

Paschal argues that the trial court erred in denying his motion to suppress. It did not.

---

[1] After Officer Chapa reviewed the video from the dashboard camera, he realized "that the truck did not actually come to a complete stop, but rather it slowed to what amounts to as [sic] a 'rolling stop.'"

3

## A.   Standard of Review

We review a trial court's decision to deny a motion to suppress under a bifurcated standard of review: we afford almost total deference to the trial court's determination of historical facts that depend on credibility; we review de novo the court's application of law to those facts. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

Where, as here, the trial court did not make explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Ford*, 158 S.W.3d at 493. We will sustain the trial court's ruling if it is "reasonably supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citation omitted).

## B.   Applicable Law

A police officer is permitted to stop and temporarily detain a person to conduct an investigation if the officer, based on his experience, has a reasonable suspicion that an individual is violating the law. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968); *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)); *Davis v. State*, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992).

The officer "must be able to articulate something more than an 'inchoate and unparticularized suspicion or hunch.'" *Foster v. State,* 326 S.W.3d 609, 613 (Tex.

4

Crim. App. 2010) (quoting *Terry,* 392 U.S. at 27, 88 S. Ct. at 1883). Reasonable suspicion is determined by considering whether the officer had "some minimal level of objective justification for making the stop." *Id.* Because reasonable suspicion is an objective standard, we disregard any subjective intent of the officer in making the stop. *Ford,* 158 S.W.3d at 492. We consider the totality of the circumstances when making a reasonable suspicion determination. *Id.* at 492–93.

**C.  Analysis**

Viewing the totality of the circumstances, we conclude that Officer Chapa's stop was objectively justified. Under Texas law, drivers must "stop at a clearly marked stop line" when faced with a red signal. TEX. TRANSP. CODE § 544.007(d). They likewise "may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." TEX. TRANSP. CODE § 545.363(a). Additionally, an officer may be justified in stopping a driver based on a reasonable suspicion that the driver is driving while intoxicated. *Nevedomsky v. State*, No. 01-12-00105-CR, 2013 WL 655194, at *4 (Tex. App.—Houston [1st Dist.] Feb. 21 2013, pet. ref'd) (mem. op., not designated for publication); *State v. Alderete,* 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd).

Contrary to Paschall's suggestion, he need not have actually violated a traffic ordinance for Officer Chapa to have had reasonable suspicion to justify the stop. *See*

5

*Gajewski v. State*, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("[T]here is no requirement that a particular statute is violated in order to give rise to reasonable suspicion"); *see also Nevedomsky*, 2013 WL 655194, at *4 (Appellant "need not have violated a traffic ordinance in order for [officer] to have reasonable suspicion to justify a stop."); *Alderete,* 314 S.W.3d at 473 ("[T]here is no requirement that a traffic regulation must be violated in order for an officer to have sufficient reasonable suspicion to justify a stop of a vehicle."); *James v. State,* 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. ref'd) ("Erratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated even absent evidence of violation of a specific traffic law.").

The circumstances here show that Officer Chapa had an objective, reasonable basis for making the stop. As detailed above, Officer Chapa averred that he stopped Paschall after observing his truck veer left and right—causing another car "to slow down because of the truck's actions"—and then slow to a "rolling stop" approximately 100 yards from a traffic light. The dashboard camera footage shows Paschall braking before Officer Chapa pulled him over. After Officer Chapa initiated the stop, he can be heard asking Paschall if there was any reason that he stopped 100 yards from the red light when no one was in front of him. Moreover, consistent with Officer Chapa's affidavit, the video shows Paschall's truck veering onto the lane marker multiple times. And Officer Chapa averred that it appeared to him that the

6

truck had "come to a complete stop," so he decided to initiate a traffic stop based on Paschall's "failure to stop at a proper place."[2]

The totality of this record, which also includes Paschall's weaving within his lane and over the white lines (causing another car to slow down), supports a finding that reasonable suspicion supported the stop. *See Cook v. State*, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002 pet. ref'd) (driver's weaving within his lane and driving repeatedly over white lines supported a finding of reasonable suspicion to justify stop based on totality of circumstances); *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref'd) (even if officer's testimony failed to establish reasonable suspicion that defendant violated traffic law, it raised sufficient facts to justify stop based on reasonable suspicion that appellant was intoxicated); *Gajewski*, 944 S.W.2d at 452 ("[W]hen the officer observed appellant's car weaving between traffic lanes, reasonable suspicion existed to believe appellant was driving the motor vehicle while intoxicated, or that some activity out of the ordinary is or has occurred, so as to justify the temporary stop of defendant's car.");

---

[2] We review whether an officer had reasonable suspicion to conduct a detention based on the facts and circumstances known to the officer at the time of the detention. *State v. Duran*, 396 S.W.3d 563, 569, 572 (Tex. Crim. App. 2013) ("Question of whether an officer has reasonable suspicion to detain an individual for further investigation is determined from the facts and circumstances actually known to the officer at the time of the detention" and "information that the officer either acquired or noticed after a detention or arrest cannot be considered.").

7

*Barrett v. State*, 718 S.W.2d 888, 889–90 (Tex. App.—Beaumont 1986, pet. ref'd)

(defendant's stopping of his vehicle 100 feet behind stop line for red light and behind

police car in adjacent lane created reasonable suspicion justifying *Terry* detention).

We overrule Paschall's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Jennifer Caughey
Justice

Panel consists of Justices Bland, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).