

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00448-CR
07-17-00449-CR
07-17-00450-CR

JIMMY EDWARD HENDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 26976-C, Counts I, II, and III; Honorable Ana Estevez, Presiding

December 7, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jimmy Edward Henderson appeals from his conviction by jury of the felony offenses of possession of methamphetamine with intent to deliver,[1] unlawful possession of a firearm by a felon,[2] and driving while intoxicated, 3rd or more[3] and the

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2018).

[2] TEX. PENAL CODE ANN. § 46.04 (West 2018).

[3] TEX. PENAL CODE ANN. § 49.04; 49.09 (West 2018).

resulting concurrent life sentences assessed for each.[4]  Appellant challenges the trial court's ruling on his motion to suppress, arguing the detaining police officers did not have reasonable suspicion to initiate the traffic stop.  We will affirm.

## Background

Appellant was charged with each offense via a three-count indictment.  The indictment also included enhancement allegations.  Prior to trial, appellant filed a motion to suppress.  The State called two police officers to testify at the hearing on the motion.  Appellant called a forensic toxicologist to testify on his behalf.

Appellant's prosecution stemmed from a traffic stop in the early morning hours on a commercial Amarillo street.  At that time, two Amarillo police officers were conducting special assignment patrols "to enforce traffic enforcement and DUI enforcement" pursuant to a "DWI grant" (later referred to as a "Safe and Sober" grant).  The officers testified to their extensive experience in such law enforcement and with the handling of intoxicated drivers.  The officers saw appellant driving a pick-up.  One officer testified he noticed appellant's vehicle "cross towards the left into the center turn lane—the left wheels cross into that lane—and then comes back over."  The officer told the court he saw the driver of the truck "do it a couple of times."  The officers discussed their observations, then activated their patrol car camera.  The recording was introduced into evidence.

The officer testified that after the camera was activated, the officers watched the truck cross into the center lane again.  They also noticed that appellant's truck was

---

[4] By virtue of appellant's previous convictions, the punishment range for each offense was that of a first-degree felony.  TEX. PENAL CODE ANN. § 12.42 (West 2018).

2

"traveling about 30 miles per hour, which is about ten to fifteen miles below the speed limit" at that location. The officers continued to follow the truck and saw it "kind of drifting again." From our review of the patrol car video, the footage is consistent with the officer's testimony. The officer testified that as "DUI enforcement, that is something we look for, vehicles that can't maintain their lane properly, drift over into lanes. Maybe they are weaving inside their lane, touching from the striped center white lane over to the solid yellow lane. A lot of times that is an indication that a person doesn't have their complete faculties about them." The officer further testified that "[t]ypically people that don't have their faculties, they are not aware of how fast they are traveling . . . they are overly cautious, so they slow down. They are not aware that they are traveling so slow, because they are trying to focus on what is in front of them or maintain a straight line."

The officers testified that they decided, based on their observations, to initiate a traffic stop. When they made contact with appellant, he claimed there was a mechanical problem with his truck that caused its drifting. Results from standard field sobriety tests were mixed. A later blood test revealed methamphetamine in appellant's system. A conversation with appellant and search of his vehicle yielded the firearm and methamphetamine that were the subject of appellant's other prosecutions.

At the conclusion of the hearing, the judge denied appellant's motion to suppress. Appellant was then tried before a jury for each of the charged offenses. The jury convicted appellant as charged and sentenced him as noted. Appellant subsequently filed this appeal challenging only the trial court's ruling on his motion to suppress.

Analysis

Appellant's appeal focuses only on the traffic stop; he argues the trial court erred in denying his motion to suppress because the officers did not have an objective basis for believing he violated section 545.060 of the Texas Transportation Code, regarding the duty to drive within a single lane.[5]  Appellant contends that a violation of that statute involves both a failure to drive within a single lane and an unsafe movement, and argues officers did not testify to a reasonable suspicion he violated both provisions.  The State responds that section 545.060 was not the only basis on which the trial court could have denied appellant's motion.  The State asserts the officers' testimony provided facts allowing the trial court to conclude they had a reasonable suspicion appellant was driving while intoxicated.[6]  We agree with the State.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State,* 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Martinez v. State,* 304 S.W.3d 642, 651 (Tex. App.—Amarillo 2010, pet. ref'd).  The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence.  *State v. Mendoza,* 365 S.W.3d 666, 669 (Tex. Crim. App. 2012) (citation omitted).  We use a bifurcated standard of review in determining the reasonableness of a temporary investigative detention.  *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  We give almost total deference to a trial court's determination of the historical facts that the record supports, particularly when

---

[5] TEX. TRANSP. CODE ANN. § 545.060 (West 2018).

[6] The trial court did not state its reasons for denying appellant's motion, saying simply, "The suppression is denied."

the trial court's fact findings are based on an evaluation of credibility and demeanor. *St. George v. State,* 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

When, as here, no findings of fact were requested or filed, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Martinez,* 304 S.W.3d at 651 (citing *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000)). We will sustain the trial court's decision if it is correct on any theory of the law applicable to the case. *Id.* (citations omitted). Further, the legal question of whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion underlying an investigatory detention is reviewed *de novo. Id.* (citing *State v. Sheppard*, 271 S.W.3d 281, 286-87 (Tex. Crim. App. 2008); *Kothe v. State,* 152 S.W.3d 54, 62-63 (Tex. Crim. App. 2004)). When a person is detained without a warrant, as occurred here, the State has the burden to prove the reasonableness of the warrantless detention. *Ford,* 158 S.W.3d at 492.

There is no requirement that a traffic regulation be violated for a police officer to form a reasonable suspicion justifying a traffic stop and the trial court here was not limited to consideration of section 545.060 in its ruling. *See State v. Alderete,* 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd) (finding the record showed the officers could have formed reasonable suspicion to stop defendant on suspicion of driving while intoxicated and trial court's focus on sole issue of weaving within the lane was error); *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref'd) (State is not required to prove defendant violated a traffic law when record shows sufficient facts to justify a stop on reasonable suspicion of defendant's intoxication); *Gajewski v. State,* 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist. 1997, no pet.) (while the fact that

no other cars were on the road may be a defense to a traffic violation, it does not negate a stop based on reasonable suspicion that the driver of the motor vehicle is intoxicated). A "police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler v. State,* 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011). This standard looks to whether there was an objectively justifiable basis for the detention and considers the totality of the circumstances to make that determination. *Id.* (citations omitted). Further, the "possibility of an innocent explanation does not deprive the [detaining] officer of the capacity to entertain reasonable suspicion of criminal conduct." *Leming v. State,* 493 S.W.3d 552, 565 (Tex. Crim. App. 2016) (citations omitted).

One of the officers testified he and the second officer had been participating together in the "Safe and Sober" grant program for five or six years. The second officer testified he had been involved in "more than five hundred" DWI investigations. The circumstances they described included the early morning hour, about 1:20 a.m.; appellant's truck's "drifting" from his lane of travel to the center lane, both left tires crossing the lane divider, on more than one occasion over a distance; and his slow speed, potentially indicating an overly-cautious or impaired driver. The officers explained that these actions were, in their experience, consistent with a driver's operation of a vehicle while impaired. These specific, articulable facts, combined with the rational inferences from those facts, were sufficient for the officers reasonably to suspect appellant was driving under the influence of an intoxicant. *See Minor v. State,* No. 07-12-00005-CR, 2013 Tex. App. LEXIS 14076, at *9-10 (Tex. App.—Amarillo Nov. 14, 2013, no pet.)

6

(mem. op., not designated for publication) (affirming trial court's denial of motion to suppress on comparable facts). *See also Curtis v. State,* 238 S.W.3d 376, 381 (Tex. Crim. App. 2007) (finding the trial court could have rationally inferred that the driver was intoxicated from the facts that the experienced officer saw defendant's car, at a late hour, weaving in and out of his lane several times, over a short distance); *Alderete,* 314 S.W.3d at 473 (trained police officers had reasonable suspicion to stop driver after seeing her swerve within her lane for half a mile on the interstate highway at 3:00 a.m. even though driver did not violate specific traffic regulation). And, even if the officers' investigation had revealed appellant was not driving under the influence, the facts in the record were still sufficient to justify the stop for investigatory purposes. *Leming,* 493 S.W.3d at 565.

Because, under the totality of the circumstances as shown by the evidence when viewed in the light most favorable to the trial court's determination, there was an objective basis supporting the officers' reasonable suspicion that appellant was driving while intoxicated, the trial court did not abuse its discretion by denying appellant's motion to suppress. We resolve appellant's sole issue against him.

## Conclusion

Having overruled appellant's issue, we affirm the judgments of the trial court.


James T. Campbell
Justice

Do not publish.

7