COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-182-CR

ERIC SCOTT LOYD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to Appellant Eric Scott Loyd’s plea of no contest, the trial court convicted him of driving while intoxicated (DWI) repetition and sentenced him to fifty days’ confinement in the Tarrant County jail and a fine of $900.  The trial court had denied Appellant’s motion to suppress.  No one requested findings of fact and conclusions of law, and none were entered.  Appellant preserved his right to appeal from the trial court’s denial of his motion to suppress and timely appealed.  In two issues, Appellant contends that the evidence does not support a determination that the arresting officer had probable cause to believe that Appellant had violated section 545.060(a) of the transportation code, nor does it support a determination that the officer had reasonable suspicion to believe that Appellant was intoxicated before the stop.  Because we hold that the arresting officer had reasonable suspicion to detain Appellant, we affirm the trial court’s judgment.

Appellant was arrested on August 22, 2005, for DWI and was subsequently charged by information with DWI repetition.  Appellant filed a motion to suppress evidence, including the videotape of the stop, the field sobriety tests, and the questioning of Appellant, on the grounds that the arresting officer, Officer Kit Long, lacked reasonable suspicion or probable cause for the stop.

At the hearing on the motion, Long testified that around 2 a.m. on August 22, 2005, he noticed that Appellant’s vehicle had stopped at a green light.  Long testified that he considered this behavior unusual and that he then began to follow Appellant’s vehicle.  He observed Appellant’s vehicle swerve back and forth within its traffic lane.  Twice Appellant’s vehicle crossed the solid line on the inside lane, almost striking a curb, and after the second instance, Long turned on the in-car camera.  Long testified that he also noticed “unnecessary braking,” which led to Appellant’s driving approximately thirty miles per hour in a fifty-five miles per hour zone.  After Appellant changed lanes without signaling, Long initiated a stop.

On cross-examination, Long stated that he did not believe that it is illegal to drive close to the curb.  He testified that there were no other cars on the roadway, that Appellant did not go into another lane of traffic, and that Appellant did not cause any other vehicle to go into another lane of traffic.  Long also testified that he did not form a specific belief that Appellant was intoxicated until after he conducted the roadside evaluation.

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.
(footnote: 2)  In reviewing the trial court’s decision, we do not engage in our own factual review.
(footnote: 3)  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.
(footnote: 4)  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.
(footnote: 5)
 Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.
(footnote: 6)  When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.
(footnote: 7)  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.
(footnote: 8) We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.
(footnote: 9)
 Neither probable cause nor an actual violation of a particular statute is necessary to justify a detention.
(footnote: 10)  A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.
(footnote: 11)  An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law.
(footnote: 12)  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.
(footnote: 13)  The person’s behavior need not suggest the commission of a particular offense; any sufficiently suspicious criminal activity may justify a stop.
(footnote: 14)  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.
(footnote: 15)
 Applying the above standard, we conclude, contrary to Appellant’s assertions, that as long as Officer Long had reasonable suspicion to believe that Appellant was engaged in some type of criminal activity, the stop was justified, regardless of the absence of probable cause to believe that a traffic statute was violated and regardless of the absence of reasonable suspicion that Appellant was intoxicated.

We have carefully reviewed the videotape and observed no erratic driving and nothing to lead a person to believe that Appellant was intoxicated.  Indeed, the driver’s actions were not unusual for someone being closely followed by a police officer.  We can only conclude that the trial judge believed the officer’s testimony about observing the suspect car’s swerving within its lane and crossing the inside solid line and almost hitting the curb before the officer turned on the video camera.  The evidence, viewed in the light most favorable to the trial court’s ruling, supports an implied finding that the officer observed erratic driving, which, in light of his experience and personal knowledge, together with inferences from those observations, warranted him to reasonably conclude that a traffic violation had occurred.
(footnote: 16)
 Because the record supports the trial court’s implied conclusion that the traffic stop was based on reasonable suspicion, we overrule Appellant’s two issues and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 5, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

3:
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).

4:
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

5:
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).

6:
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

7:
Id
. at 818-19.

8:
Id
. at 819.

9:
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

10:
Carmouche
, 10 S.W.3d at 328 (concerning probable cause); 
Drago v. State
, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977) (concerning statutory violation).

11:
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.

12:
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

13:
Id
. at 492-93.

14:
Hill v. State
, 951 S.W.2d 244, 247 (Tex. App.—Houston [14th Dist.] 1997, no pet.); 
Molina v. State
, 754 S.W.2d 468, 473 (Tex. App.—San Antonio 1988, no pet.); 
see Gajewski v. State
, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (“Although not an inherently illegal act, when the officer observed appellant’s car weaving between traffic lanes, reasonable suspicion existed to believe appellant was driving the motor vehicle while intoxicated, or that some activity out of the ordinary is or has occurred, so as to justify the temporary stop of defendant’s car.”).

15:
Ford
, 158 S.W.3d at 492.

16:
See Davis v. State
, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997).