COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-182-CR

 

 

ERIC SCOTT LOYD                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Pursuant to Appellant Eric Scott Loyd=s plea
of no contest, the trial court convicted him of driving while intoxicated (DWI)
repetition and sentenced him to fifty days=
confinement in the Tarrant County jail and a fine of $900.  The trial court had denied Appellant=s motion
to suppress.  No one requested findings
of fact and conclusions of law, and none were entered.  Appellant preserved his right to appeal from
the trial court=s denial of his motion to
suppress and timely appealed.  In two
issues, Appellant contends that the evidence does not support a determination
that the arresting officer had probable cause to believe that Appellant had
violated section 545.060(a) of the transportation code, nor does it support a
determination that the officer had reasonable suspicion to believe that
Appellant was intoxicated before the stop. 
Because we hold that the arresting officer had reasonable suspicion to
detain Appellant, we affirm the trial court=s
judgment.

Appellant was arrested on August 22, 2005, for
DWI and was subsequently charged by information with DWI repetition.  Appellant filed a motion to suppress
evidence, including the videotape of the stop, the field sobriety tests, and
the questioning of Appellant, on the grounds that the arresting officer,
Officer Kit Long, lacked reasonable suspicion or probable cause for the stop.








At the hearing on the motion, Long testified that
around 2 a.m. on August 22, 2005, he noticed that Appellant=s
vehicle had stopped at a green light. 
Long testified that he considered this behavior unusual and that he then
began to follow Appellant=s vehicle.  He observed Appellant=s
vehicle swerve back and forth within its traffic lane.  Twice Appellant=s
vehicle crossed the solid line on the inside lane, almost striking a curb, and
after the second instance, Long turned on the in-car camera.  Long testified that he also noticed Aunnecessary
braking,@ which
led to Appellant=s driving approximately thirty
miles per hour in a fifty-five miles per hour zone.  After Appellant changed lanes without
signaling, Long initiated a stop.

On cross-examination, Long stated that he did not
believe that it is illegal to drive close to the curb.  He testified that there were no other cars on
the roadway, that Appellant did not go into another lane of traffic, and that
Appellant did not cause any other vehicle to go into another lane of
traffic.  Long also testified that he did
not form a specific belief that Appellant was intoxicated until after he
conducted the roadside evaluation.








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review.[2]  In reviewing the trial court=s
decision, we do not engage in our own factual review.[3]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[4]  Therefore, we give almost total deference to
the trial court=s rulings on (1) questions of
historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.[5]








Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.[6]  When the record is silent on the reasons for
the trial court=s ruling, or when there are no
explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.[7]  We then review the trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.[8]        We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.[9]








Neither probable cause nor an actual violation of
a particular statute is necessary to justify a detention.[10]  A detention, as opposed to an arrest, may be
justified on less than probable cause if a person is reasonably suspected of
criminal activity based on specific, articulable facts.[11]  An officer conducts a lawful temporary
detention when he or she has reasonable suspicion to believe that an individual
is violating the law.[12]  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him
to reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.[13]  The person=s
behavior need not suggest the commission of a particular offense; any
sufficiently suspicious criminal activity may justify a stop.[14]  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to whether
an objective basis for the stop exists.[15]

Applying the above standard, we conclude,
contrary to Appellant=s assertions, that as long as
Officer Long had reasonable suspicion to believe that Appellant was engaged in
some type of criminal activity, the stop was justified, regardless of the
absence of probable cause to believe that a traffic statute was violated and
regardless of the absence of reasonable suspicion that Appellant was intoxicated.








We have carefully reviewed the videotape and
observed no erratic driving and nothing to lead a person to believe that
Appellant was intoxicated.  Indeed, the
driver=s
actions were not unusual for someone being closely followed by a police
officer.  We can only conclude that the
trial judge believed the officer=s
testimony about observing the suspect car=s
swerving within its lane and crossing the inside solid line and almost hitting
the curb before the officer turned on the video camera.  The evidence, viewed in the light most
favorable to the trial court=s
ruling, supports an implied finding that the officer observed erratic driving,
which, in light of his experience and personal knowledge, together with
inferences from those observations, warranted him to reasonably conclude that a
traffic violation had occurred.[16]

Because the record supports the trial court=s
implied conclusion that the traffic stop was based on reasonable suspicion, we
overrule Appellant=s two issues and affirm the
trial court=s judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  April 5, 2007











[1]See Tex. R. App. P.
47.4.





[2]Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[3]Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d
857, 861 (Tex. App.CFort Worth 2003, no pet.).





[4]State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999).





[5]Montanez v. State, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); Johnson v. State,
68 S.W.3d 644, 652‑53 (Tex. Crim. App. 2002); State v. Ballman,
157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).





[6]State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006).





[7]Id. at
818-19.





[8]Id. at 819.





[9]Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541
U.S. 974 (2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at
543.





[10]Carmouche,
10 S.W.3d at 328 (concerning probable cause); Drago v. State, 553 S.W.2d
375, 377 (Tex. Crim. App. 1977) (concerning statutory violation).





[11]Terry v. Ohio,
392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); Carmouche, 10 S.W.3d at
328.





[12]Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[13]Id. at
492-93.





[14]Hill v. State,
951 S.W.2d 244, 247 (Tex. App.CHouston [14th Dist.] 1997, no pet.); Molina v.
State, 754 S.W.2d 468, 473 (Tex. App.CSan Antonio 1988, no pet.); see Gajewski v. State,
944 S.W.2d 450, 452 (Tex. App.CHouston [14th Dist.] 1997, no pet.) (AAlthough
not an inherently illegal act, when the officer observed appellant=s car
weaving between traffic lanes, reasonable suspicion existed to believe
appellant was driving the motor vehicle while intoxicated, or that some
activity out of the ordinary is or has occurred, so as to justify the temporary
stop of defendant=s car.@).





[15]Ford, 158
S.W.3d at 492.





[16]See Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997).