Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00873-CR

____________

 

REBECCA DOBBS, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1446167

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Rebecca Dobbs, was arrested and charged with the
offense of driving while intoxicated.  Prior to trial, appellant filed a motion
to suppress all evidence arising out of her detention and arrest.  Appellant
initially pled not guilty, but changed her plea to guilty after the trial court
denied the motion, reserving the right to appeal the suppression issue. 
Pursuant to a plea agreement, the trial court assessed punishment at three days
in jail and a $1,500 fine.  Appellant raises a single issue on appeal in which
she contends the trial court erred in denying her motion to suppress.  We
affirm. 








Background

On April 6, 2007, at approximately 8:30 p.m., an
unidentified citizen pulled up next to Sergeant Ron Pinkerton of the Houston
Police Department and stated that another vehicle had almost hit his car.  The
citizen pointed Pinkerton in the direction of appellant=s dark sport
utility vehicle headed eastbound on Westheimer.  Pinkerton began following
appellant with a few cars between them.  While waiting at a red light, another
unidentified motorist pulled up next to Pinkerton and told him that a vehicle
ahead of them on Westheimer was Aweaving all over
the place.@  When the light changed, Pinkerton fell in behind
appellant=s vehicle and began following her.  At that time, he
saw the vehicle cross over the dividing line into the adjacent lane traveling
in the same direction between three and five times.  Pinkerton turned on his
lights and immediately pulled appellant over.  

Appellant was the sole occupant of the vehicle.  Pinkerton
testified that appellant=s Aactions were very
slow and deliberate@ as she looked for her driver=s license and
proof of insurance.  Pinkerton suspected that appellant was intoxicated because
she was Aslurring her words
a bit@ and Aher eyes appeared
sleepy.@  He also noticed
the smell of alcohol when he moved closer to the vehicle.  She explained she
had been at a restaurant with friends, and eventually admitted that she had
been drinking.  Pinkerton contacted the DWI Task Force Unit and asked them to
send one of their officers to the scene.  Officers Maffett and Montelongo,
members of the DWI Task Force, arrested appellant after performing standard
field sobriety testing and determining that she was intoxicated.  

Prior to trial, appellant filed a motion to suppress any
evidence resulting from the traffic stop.  She argued that Pinkerton did not
have reasonable suspicion to detain her and that she was arrested without
probable cause.  During trial, the court denied appellant=s motion.  On
appeal, appellant contends the court erred in denying the motion because the
state failed to meet its burden of proving a valid basis for the traffic stop.








Reasonable Suspicion

While a police officer must have probable cause for a full
custodial arrest, a mere stop of an individual for the purposes of
investigation does not require such substantial justification.  See Terry v.
Ohio, 392 U.S. 1, 20B22 (1968).  An investigative detention
occurs when the police stop and briefly detain an individual to ascertain his
identity, the reason for being in the area, or other similar inquiry. 
Amores v. State, 816 S.W.2d 407, 412 (Tex. Crim. App. 1991).  Before a
detention is justified, the officer must possess reasonable suspicion to detain
the suspect, that is, the officer must have specific, articulable facts, which,
in light of his experience and general knowledge, together with rational
inferences from those facts, would reasonably warrant the intrusion on the
freedom of the citizen stopped for investigation.  Gurrola v. State, 877
S.W.2d 300, 302 (Tex. Crim. App. 1994).  The articulable facts Amust create some
reasonable suspicion that some activity out of the ordinary is occurring or has
occurred, some suggestion to connect the detainee with the unusual activity,
and some indication the unusual activity is related to crime.@  Garza v.
State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  There need only be an
objective basis for the stop; the subjective intent of the officer is
irrelevant.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001).  If an officer has a reasonable basis for suspecting a person has
committed a traffic offense, the officer may legally initiate a traffic stop.  McVickers
v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993), superseded by
statute on other grounds as stated in Granados v. State, 85 S.W.3d 217, 227B30 (Tex. Crim.
App. 2002).








The burden is on the State to demonstrate the
reasonableness of the traffic stop.  Bishop v. State, 85 S.W.3d 819, 822
(Tex. Crim. App. 2002).  Whether an officer had reasonable suspicion is
determined by considering the totality of the circumstances.  Garcia, 43
S.W.3d at 530.  In conducting the totality of the circumstances determination,
we use a bifurcated standard of review: (1) we give almost total deference to a
trial court=s determination of historical facts and application of
law to any fact questions that turn on credibility and demeanor; and (2) we
review de novo the application of law to those fact questions that do
not turn on credibility and demeanor.  Id.  In other words, we give
almost total deference to the trial court in determining what the actual facts
are but review de novo whether those facts are sufficient to give rise
to reasonable suspicion.  Id.  

Appellant claims the issue presented in this case does not
turn on credibility and demeanor.  She contends Pinkerton=s testimony, even
if entirely believed, is insufficient to support reasonable suspicion for the
traffic stop.  Therefore, we review the trial court=s ruling de
novo and determine whether there was sufficient reasonable suspicion to
detain appellant. 

An officer may lawfully stop an individual for a traffic
violation.  Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); McVickers,
874 S.W.2d at 664.  A routine traffic stop closely resembles an
investigative detention.  Berkemer v. McCarty, 468 U.S. 420, 439
(1984).  Pinkerton based the traffic stop on appellant=s failure to
maintain a single lane, in violation of section 545.060 of the Texas
Transportation Code.[1] 
Appellant claims no traffic violation occurred because there is no evidence
that her weaving between lanes was unsafe.  In support of her argument,
appellant notes that Pinkerton testified he did not see appellant come close to
hitting another car while she was weaving between lanes.  However, we do not
interpret section 545.060 as permitting a driver to weave throughout lanes
simply because no other vehicles are in the vicinity.  Cook v. State, 63
S.W.3d 924, 928 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (citing Gajewski
v. State, 944 S.W.2d 450, 453 (Tex. App.CHouston [14th
Dist] 1997, no pet.)).








Appellant cites several cases to support her argument that
weaving into the adjacent lane is not an inherently illegal act and that there
must be evidence that movement between lanes is unsafe before it will
constitute an offense.  See Eichler  v. State, 117 S.W.3d 897, 900 (Tex.
App.CHouston [14th
Dist.] 2003, no pet.); Bass v. State, 64 S.W.3d 646, 650 (Tex. App.CTexarkana 2001,
pet. ref=d); Ehrhart v.
State, 9 S.W.3d 929, 930 (Tex. App.CBeaumont 2000, no
pet.); Corbin v. State, 33 S.W.3d 90, 94 (Tex. App.CTexarkana 2000), rev=d on other grounds, 85 S.W.3d 272
(Tex. Crim. App. 2002); Hernandez v. State, 983 S.W.2d 867, 871
(Tex. App.CAustin 1998, pet. ref=d).  The present
case is easily distinguished from the cited cases.  

In Eichler, we held that the State did not carry its
burden of demonstrating the reasonableness of the stop where the appellant
swerved only one time into the adjacent lane traveling in the same direction,
and there was no evidence that the movement was unsafe or dangerous.  117
S.W.3d at 901.  Similarly, in Bass, there was nothing in the record
indicating that Bass left his lane more than one time, and the arresting
officer testified that he witnessed no unsafe behavior.  64 S.W.3d at 651. 
Each of the cases cited by appellant involves failure by the state to
demonstrate the reasonableness of the respective traffic stops because the
evidence in those cases did not establish that the drivers left their lanes
more than one time or that doing so was unsafe.  See Ehrhart, 9
S.W.3d at 930 (holding traffic violation did not occur where neither testifying
officer provided evidence that the driver=s one-time
movement into the adjacent lane was dangerous or unsafe); Corbin, 33
S.W.3d at 94 (holding traffic stop not justified by officer=s testimony that
driver=s vehicle moved
into the shoulder one time without providing any testimony regarding the safety
of such driving); Hernandez, 983 S.W.2d at 870 (holding traffic stop not
justified where officer testified there was nothing unsafe about a lane change
where he observed a driver drifting into adjacent lane only one time).








In the present case, unlike those cited by appellant,
Pinkerton testified that he saw appellant=s car move across
the line into the adjacent lane between three and five times.  See Gajewski,
944 S.W.2d at 453 (upholding traffic stop based on appellant=s weaving two to
three times).  Although Pinkerton did not see appellant come close to hitting
anything, he testified that appellant=s weaving back and
forth into the adjacent lane was unsafe because she could have hit a vehicle
traveling in the lane next to her.  Moreover, we have held that an officer is
not required to wait until appellant places herself or others in immediate
peril as a result of her erratic driving before stopping her.  Cook, 63
S.W.3d at 928.  We conclude that the sort of behavior exhibited by appellant is
sufficiently unsafe to justify a traffic stop.  Id. 








 Additionally, the fact that two different citizen
motorists considered appellant enough of a threat to the safety of others to
alert Pinkerton to her erratic driving further distinguishes this case. 
Appellant complains that Pinkerton improperly relied on statements made by two
unidentified individuals and his personal observations, which consisted of
appellant weaving from her own lane to the adjacent lane.  She claims the
information provided by the unidentified citizens is too vague and unreliable
to provide the factual basis for finding a violation of section 545.060.  A tip
by an unnamed informant of undisclosed reliability, standing alone, rarely will
establish the requisite level of suspicion necessary to justify an
investigative detention.  State v. Garcia, 25 S.W.3d 908, 912 (Tex.
App.CHouston [14th
Dist.] 2000, no pet.) (citing Florida v. J.L.,
529 U.S. 266 (2000); Alabama v. White, 496 U.S. 325, 329 (1990)). 
However, there are situations in which an anonymous tip, suitably corroborated,
exhibits sufficient indicia of reliability from which a police officer may
reasonably conclude that detention is justified.  See Garcia, 25 S.W.3d
at 913.  We have recognized that information from a citizen who confronts an
officer in person to advise the officer should be given greater weight than an
anonymous phone call.  Id. (quoting State v. Sailo, 910 S.W.2d
184, 188 (Tex. App.CFort Worth 1995, pet ref=d)).  A person who
is not connected with the police or who is not a paid informant is Ainherently
trustworthy@ when he advises the police.  Id.  Unlike an
anonymous phone call, an individual presenting himself to the officer in
person, and doing so while driving a vehicle from which his identity might be
easily traced, puts himself in a position to be held accountable for his
intervention.  Id.  Thus, the reliability of the information provided by
such an informant is increased.  Id. 

In this case, two
different individuals provided Officer Pinkerton information in person, and the
information provided was specific as to the time of the alleged criminal
activity and precise as to the kind of crime being committed.  Id.  Moreover,
there is nothing in the record before us that would have caused Pinkerton to
doubt the reliability or good faith of either informant.  Both informants,
although unknown to the officer, were sufficiently reliable because they placed
themselves in a position where they could have been easily identified and held
responsible for their intervention, when they came forward in person to give
the officer information.  Id.  

In addition,
information provided by the unidentified informants was corroborated by
Pinkerton=s direct observations.  In a
totality-of-the-circumstances analysis, corroboration by the law enforcement
officer necessarily goes to the reliability of the information.  Id. 
Corroboration by a police officer means, in light of the circumstances, he
confirms enough facts so that he reasonably concludes that the information
provided is reliable and a detention is justified.  Id.  (citing White,
496 U.S. at 330B31).  Based on our review of the totality
of the circumstances, in light of Officer Pinkerton=s experience and
knowledge, and giving the concerned citizens= information the
weight it deserves based on the indicia of reliability, we hold the officer
corroborated enough facts conveyed to him by the unidentified citizens to
justify an investigative stop of appellant=s vehicle.  After
two motorists notified the officer of appellant=s erratic driving,
he observed appellant swerve into the adjacent lane multiple times.  Therefore,
we hold there was sufficient reasonable suspicion to justify an investigative
detention based on the information provided by the concerned motorists and
Pinkerton=s corroborating observations.

 








Conclusion

We find that the trial court did not err in denying
appellant=s motion to suppress.  The judgment of the trial court
is affirmed.

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion issued December 11, 2008.

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 









[1]  Section 545.060 provides: A(a) an operator on a roadway divided into two or more
clearly marked lanes for traffic: (1) shall drive as nearly as practical
entirely within a single lane; and (2) may not move from the lane unless the
movement can be made safely.@  Tex. Transp.
Code Ann. ' 545.060 (Vernon 1999).





* 
Senior Justice J. Harvey Hudson sitting by assignment.