Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT


















Opinion issued
September 30, 2010

                                                                                                                                                                                                                                                                                                                                                            



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00452-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



THE STATE OF TEXAS,
Appellant

 

V.

 

Elwood Hanath, Appellee

 

 



On Appeal from the County Court at Law

Washington County, Texas

Trial Court Cause No. 08-101

 

 



MEMORANDUM opinion

The State of Texas appeals from the county court’s
granting of appellee’s motion to suppress evidence.[1]  Appellee, Elwood Hanath, was charged with the
Class B misdemeanor of driving while intoxicated.[2]  Appellee filed a motion to suppress,
contending that the evidence seized in connection with his detention and arrest
was seized without a valid warrant, probable cause, or other lawful authority,
thereby violating his federal and state constitutional rights.  The county court granted appellee’s motion
and prepared findings of fact and conclusions of law.  In its sole issue on appeal, the State contends
that the county court erred in granting appellee’s motion to suppress because
it misapplied the law to the facts.  

We reverse and remand.

Background

 Trooper Ross Bates, a trooper with the Texas
Department of Public Safety, was on patrol one evening when he spotted a blue
Chevrolet pickup truck driven by appellee. 
Trooper Bates was driving eastbound on a divided four-lane highway in
the left-hand lane when he noticed appellee’s truck ahead of him in the
right-hand lane.  Although another
vehicle was following about 150 yards behind appellee in the right-hand lane,
it did not obscure Trooper Bates’s view of appellee’s vehicle.  The trooper observed the two right tires of appellee’s
truck briefly drift across the white fog line and onto the improved shoulder,
as appellee was rounding a curve in the road. 
Trooper Bates then pulled appellee over, and, after a brief
investigation, arrested appellee for driving while intoxicated.  

Appellee filed a motion to suppress
asserting that there was no “lawful warrant, probable cause or other lawful
authority” for his initial detention. 
The county court conducted a hearing on appellee’s motion, limiting the
focus of the hearing to the initial stop of appellee’s vehicle.  At the hearing, the State argued that the
traffic stop was reasonable because Trooper Bates observed appellee committing
a traffic violation, specifically, driving on the improved shoulder when
unauthorized.  

In support of its position, the State
called Trooper Bates to the stand. 
Trooper Bates testified that there are seven specific circumstances
under which an individual may lawfully drive on an improved shoulder.  He also testified that he observed appellee
driving on the improved shoulder and did not see anything that would have led
him to believe that any of the seven exceptions applied.  The State also admitted into evidence State’s
Exhibit 1, a DVD of the incident recorded by Trooper Bates’s dashboard video
camera, which clearly showed appellee driving on the improved shoulder.  Appellee did not introduce any evidence at
the hearing.  

Appellee’s counsel argued that it was
possible that appellee had pulled over onto the shoulder to allow the vehicle
behind him to pass.  If this were the
case, appellee’s conduct would fall within one of the seven exceptions, and he
would not have violated any traffic rules. 
The State responded that there was no evidence that appellee was pulling
over to allow another vehicle to pass. 

Although it was not specifically
identified during the hearing, it is apparent from the record that the traffic
rule in contention during the suppression hearing was section 545.058(a) of the
Texas Transportation Code.[3]  See
Tex. Transp. Code Ann. §
545.058(a) (Vernon 2008).  Section
545.058(a) prohibits driving on an improved shoulder unless (1) it is necessary
to do so; (2) it is done safely; and (3) it falls within the scope of at least
one of seven prescribed statutory purposes.
 See id. at § 545.058(a). 

At the conclusion of the suppression
hearing, the county court granted appellee’s motion.  The findings of fact and conclusions of law
prepared by the county court indicate that the court concluded that the trooper
did not have reasonable suspicion to stop appellee because “[t]here may have
been one or more legitimate reasons for [him] to drive on an improved shoulder”
and granted the motion to suppress on that basis.

suppression of evidence

A.      Standard of Review

In reviewing the county court’s
ruling on the motion to suppress evidence, we apply a bifurcated standard of
review, giving “almost total deference to [the] trial court’s determination of
historic facts” and reviewing de novo the court’s application of the law of
search and seizure to those facts.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000) (citing Guzman v.
State, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)).  This deferential standard applies regardless
of whether the facts were gleaned from witness testimony or videotaped
recordings introduced into evidence during the suppression hearing.  See
Montanez v. State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006) (applying Guzman’s
deferential standard of review to trial court’s determination of historical
facts when determination is based upon videotape recordings). 
If the issue
involves the credibility of a witness, such that the demeanor of the witness is
important, then greater deference will be given to the trial court’s ruling on
that issue.  Guzman, 955 S.W.2d at 87.  In
a motion to suppress hearing, the trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given to their
testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Accordingly, the trial court may believe or
disbelieve all or any part of a witness’s testimony, even if that testimony is
not controverted.  Id.  We
will uphold the trial court’s ruling on a motion to suppress if that ruling was
supported by the record and was correct under any theory of law applicable to
the case.  Id. at 856. 


As here, when the
trial court files findings of fact with its ruling on a motion to suppress,
an appellate court does not engage in its own factual review, but determines
only whether the record supports the trial court’s fact findings.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  Unless the trial
court abused its discretion by making a finding not supported by the record, we
will defer to the trial court’s fact findings and not disturb the findings on appeal.  Cantu v. State, 817 S.W.2d 74, 77
(Tex. Crim. App. 1991).  On appellate
review, we address only the question of whether the trial court properly
applied the law to the facts.  Romero,
800 S.W.2d at 543.

B.              
Reasonableness of Stop

When an individual is stopped without
a warrant, the State bears the burden to prove the
reasonableness of the warrantless detention. 
See Ford v. State, 158 S.W.3d 488, 492 (Tex.
Crim. App. 2005).  An officer conducts a
lawful temporary detention when he has reasonable suspicion to believe that an
individual is violating the law.  Id.  The burden is on the State to elicit
testimony showing sufficient facts to create a reasonable suspicion.  Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001).  

Reasonable suspicion exists if the officer has specific,
articulable facts that, when combined with rational inferences from those
facts, would lead him to reasonably conclude that a
particular person actually is, has been, or soon will be engaged in criminal
activity.  Ford, 158 S.W.3d at
492.  This is an objective standard that
disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Id. 
A reasonable suspicion determination is made by considering the totality
of the circumstances.  Id.  

There is no requirement that a
particular statute actually be violated in order to give rise to reasonable
suspicion to support an investigative stop. 
See Gajewski v. State, 944 S.W.2d 450,
452 (Tex. App.—Houston [14th Dist.] 1997, no pet.); Lockett v. State, No.
01-08-00225-CR, 2009 WL 40234, at *3 (Tex. App.—Houston [1st Dist.] Jan. 8,
2009, no pet.) (mem. op., not designated for publication); see also Garcia, 43 S.W.3d at 531 (stating that
“[t]he State is correct that it need not establish with absolute certainty that
a crime has occurred to show reasonable suspicion”).  Rather, an officer need have only a
reasonable basis for suspecting that a person has committed a traffic offense to initiate a legal traffic
stop.  See Gajewski, 944 S.W.2d at 452.

C.              
Discussion

We understand the State’s sole issue
on appeal to be that the county court erred in granting appellee’s motion to
suppress because it misapplied the law to the facts when it concluded that
Trooper Bates did not have reasonable suspicion to stop appellee.  The State asserts that there was no evidence
that appellee’s use of the improved shoulder was illegal or unauthorized.  Specifically, the State argued that the county
court abused its discretion because its Findings of Fact Nos. 2, 5–10 are
unsupported by the record.  The State
takes issue with the following Findings of Fact:

2.       There
was no evidence that the [appellee’s] use of the improved shoulder was illegal or
unauthorized.

. . . .

5.       There
may have been one or more legitimate reasons for the [appellee] to drive on an
improved shoulder.

6.       On
or about November 28, 2007 the arresting officer did not have reasonable
suspicion to stop [appellee].

7.       The
arresting officer did not have reasonable suspicion to stop [appellee] and
evidence seized at detention and arrest should be suppressed.

8.       The
arresting officer did not have reasonable suspicion to stop [appellee] and
testimony of law enforcement officers concerning the arrest should be
suppressed.

9.       The
arresting officer did not have reasonable suspicion to stop [appellee] and
testimony of law enforcement officers concerning the evidence should be
suppressed.

10.     The
arresting officer did not have reasonable suspicion to stop [appellee] and
statements elicited from the [appellee] at any time after the [appellee] was in
custody should be suppressed.

These proposed “findings
of fact,” however, are actually a mix of law and fact and will be reviewed
according to the applicable standard.  See
State v. Sheppard, 271 S.W.3d
281, 292 (Tex. Crim. App. 2008) (stating facts are “who did what, when, where,
how, or why” and include credibility determinations; fact findings do not
include legal rulings on reasonable suspicion or probable cause, as those are
legal conclusions subject to de novo review, not deference).

In this case, reasonable suspicion existed if
Trooper Bates had specific, articulable facts that, when combined with rational
inferences from those facts, would have led him to reasonably conclude that appellee
was, had been, or soon would be committing a traffic violation.  The trial court found that appellee was
initially detained “for driving on an improved shoulder.”  Driving on an improved shoulder is permitted
if (1) it is necessary to do so; (2) it is done safely; and (3) it falls within
the scope of at least one of seven prescribed statutory purposes.  See Tex. Transp. Code Ann. § 545.058(a).  

Specifically, section 545.058(a)
provides:

(a)     An
operator may drive on an improved shoulder to the right of the main traveled
portion of a roadway if that operation is necessary and may be done safely, but
only:

(1)     to stop,
stand, or park; 

(2)     to
accelerate before entering the main traveled lane of traffic;

(3)     to
decelerate before making a right turn;

(4)     to
pass another vehicle that is slowing or stopped on the main traveled portion of
the highway, disabled, or preparing to make a left turn;

(5)     to
allow another vehicle traveling faster to pass;

(6)     as
permitted or required by an official traffic-control device; or

(7)     to avoid
a collision.

 

Id.

The undisputed evidence at the
suppression hearing showed, and the county court apparently found, that appellee
drove his truck on the improved shoulder.[4]  Trooper Bates testified that he observed
appellee driving on the improved shoulder and that he did not see anything that
would have led him to believe that any of the seven exceptions applied.

[State’s Attorney]:    Okay. 
What traffic violation did you observe that [appellee] commit?

[Trooper Bates]:       Drove on improved shoulder when
unauthorized.

. . . .

[State’s
Attorney]:    At any point while the
[appellee’s vehicle] drove on the improved shoulder, did it stop or park on the
shoulder?

[Trooper Bates]:       No, it did not.

[State’s Attorney]:    Did it
ever make a right turn while it was on the improved shoulder?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    Was it accelerating to enter the main lane of
travel?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    Was it passing another vehicle?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    Was it getting over so that another vehicle
could pass it?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    Was there any signage of official traffic
control devise that required it to pull onto the shoulder?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    And was it avoiding a collision?

[Trooper Bates]:       No, sir.

[State’s Attorney]:    Okay.  So
was there any reason why [appellee’s vehicle] was travelling on the improved
shoulder?

[Trooper Bates]:       No, sir.

Based on
the county court’s explicit and implicit findings of fact, it is apparent that
the court did not find Trooper Bates to be a credible witness.  As the sole trier of fact and judge of
credibility at the suppression hearing, the court was well within its province
to disregard the trooper’s testimony, even though it was uncontroverted.  See
Ross, 32 S.W.3d at 855.  

To the extent that the county court’s
determination of historical facts was based on the videotape of the traffic
stop, which was admitted into evidence during the hearing, the court is
entitled to deference with regard to those factual determinations as well, but
only if they are supported by the record. 
See Montanez, 195 S.W.3d at
109.  Guzman’s
deferential standard does not require a reviewing court to ignore admitted
evidence, such as a videotape, when such evidence does not support the lower
court’s factfinding; a lower court cannot find facts that the record does not
support.  See Carmouche, 10 S.W.3d at 332 (stating that when videotape
evidence “presents indisputable visual evidence contradicting essential
portions of [an officer’s] testimony…we cannot blind ourselves to the videotape
evidence simply because [the officer’s] testimony may, by itself, be read to
support the Court of Appeals’ holding”); cf.
City of Keller v. Wilson, 168 S.W.3d 802, 820 (Tex. 2005) (stating that
factfinder is “not free to believe testimony that is conclusively negated by
undisputed facts”).  In the present case,
the county court found that “there may have been one or more legitimate reasons
for the [appellee] to drive on the improved shoulder.”  Such a finding, however, is not supported by
either the officer’s testimony or the videotape introduced into evidence at the
hearing.  

The videotape admitted into evidence
during the suppression hearing clearly shows appellant’s truck being driven on
the shoulder of the road.  The videotape
also shows that none of the seven circumstances that would permit operation on
the shoulder actually existed.  Moreover,
no testimony or evidence was presented at the suppression hearing that it was
necessary for appellee to drive on the shoulder because of the existence of one
or more of the seven statutorily permissible circumstances.  See, e.g., Tyler v. State, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no
pet.) (upholding violation of section 545.058(a) when no evidence in record
indicated it was necessary for appellant to drive on the shoulder under any one
of the statutory exceptions).  Therefore,
the county court had no evidence before it that appellant had any statutorily
permissible reason for driving on the improved shoulder.  Accordingly, we need not defer to the county
court’s explicit finding that “there may have been one or more legitimate
reasons for the [appellee] to drive on the improved shoulder” or its implicit
finding that one or more of the statutory exceptions applied, because these
facts are not supported by the record.

Furthermore, while appellee’s reasons
for driving on the shoulder would be relevant as to whether he violated section
545.058(a), they would not be dispositive as to whether the officer had
reasonable suspicion to stop appellee.  To
show reasonable suspicion in this case, the State was only obligated to show sufficient
facts to create a reasonable suspicion that a crime had taken place; it was not
required to prove that a crime actually occurred.  See Garcia, 43 S.W.3d at
530–31.

In light of the evidence introduced
at the suppression hearing, and considering the totality of the circumstances,
an individual in Trooper Bates’s position could have reasonably believed that a
violation of section 545.058(a) had occurred. 
We conclude that the trooper had reasonable suspicion to stop
appellee.  The county court erred in
granting the motion to suppress based on a lack of reasonable suspicion for the
initial stop.  We sustain the State’s
sole issue on appeal.

CONCLUSION

We reverse the ruling of the county court granting the motion to
suppress and remand the case for
further proceedings consistent with this opinion.

 

 

 

 

 

                                                          Laura
Higley

                                                          Justice


 

Panel consists of Justices Jennings,
Higley, and Sharp.

Justice Sharp, concurring in judgment
only.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]        The State
appeals this case under article 44.01(a)(5) of the Texas Code of Criminal
Procedure, which allows it to bring an interlocutory appeal from the granting
of a motion to suppress.  See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2010). 

 





[2]        See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).  





[3]        The State
appears to argue on appeal that Trooper Bates was also justified in detaining appellee
because he observed appellee violate another traffic law – section 545.060 of
the Texas Transportation Code.  See Tex.
Transp. Code Ann. § 545.060 (Vernon 1999).  Appellee’s brief is dedicated exclusively to
responding to the State’s new argument, and none of the cases cited by appellee
address the statute at issue in this case, section 545.058(a).  Tex.
Transp. Code Ann. § 545.058(a) (Vernon 1999).  

 

The State did not argue at the suppression hearing
that Trooper Bates was justified in detaining appellee because he observed
appellee violate section 545.060, and the county court’s findings of fact and
conclusions of law demonstrate that the court did not consider this argument as
a ground in reaching its ruling. 
Accordingly, we may not reverse the county court’s granting of
appellee’s motion to suppress on this new ground.  See
 State v. Mercado, 972 S.W.2d 75 (Tex.
Crim. App. 1998) (concluding court of appeals erred in reversing trial court’s
order suppressing evidence on a ground that had not been argued by the state at
trial).





[4]        On
appeal, appellant likewise does not dispute that he was driving on the
shoulder.  We note, however, that the
fact that the two right tires on appellee’s truck were only on the shoulder for
mere seconds does not affect the application of section 545.058(a).  See Tex. Dep’t of Pub. Safety v. Skinner, No.
03-07-00679-CV, 2009 WL
349158, at *2 (Tex. App.—Austin Feb. 12, 2009, no pet.) (mem.
op., not designated for publication) (rejecting argument that a single instance
of a vehicle’s right tires crossing onto the right shoulder does not constitute
“driving” for purposes of section 545.058(a)). 
In reaching its conclusion, our sister court recently noted that “no
other court of appeals, in applying Transportation Code section 545.058(a),
has identified a situation in which a vehicle’s right tires crossed onto the
right shoulder and yet the vehicle was not ‘driving’
on the shoulder.”  Id.